# CHARLESTON.

JOHN R. GILES *et al v.* SHELLA VON CAIN *et al.*

Submitted April 17, 1923.    Decided April 24, 1923.

1.  WILLS—*Residuary Devise to Heirs Used Word "Heirs" in Technical Sense; Devise to Sons' Heirs Held to be Per Capita.*

    By the second clause of his will disposing of the residue of his estate, after providing in the first for the payment of his debts, the testator directed that it "be divided *equly* between the *air*" of his three sons, naming them. These sons were dead at the time of the making of the will. Properly construed with reference to the facts alleged, the testator must be regarded as using the word "heirs" ("air") in its technical sense; and as all the beneficiaries stand in an equal degree

of relationship to him, to have intended his estate to go according to the law of descent and distribution, section 3, chapter 78 Barnes' Code 1923, to them per capita and not per stirpes.   (p. 636).

2.   SAME—*Executor can Interpose Demurrer to Bill of Review in Suit to Construe Residuary Clause and Defend Suit Presented on Certificate in Supreme Court of Appeals.*

Upon a bill to review a decree so holding, the executor of the will, made a party defendant to the original bill and also to the bill of review, and who in such former suit has sold the real estate and converted the personal property into money for the purpose of partitioning it among those entitled thereto, has such personal and executorial interest therein as entitles him to interpose a demurrer to such bill of review and to defend the suit in this court presented upon certificate or appeal, as provided in section 1 of chapter 135 of the Code.   (p. 636).

Case certified from Circuit Court, Roane County.

Suit by John R. Giles and others against Shella Von Cain and others.   On certified questions as to ruling on demurrer.

*Reversed and remanded.*

*Thos. P. Ryan* and *Grover F. Hodges,* for plaintiffs.

MILLER, PRESIDENT:

By his will, executed January 8, 1917, and probated in Roane County June 19, 1918, W. H. Giles, by the second clause thereof, provided as follows:

''Second after the payment of such funeral expenses and debts I give devise and bequeath first that all my property both real and personal be divided *equly* between the *air* of my *thre* sons O. B. Giles, B. H. Giles and W. P. Giles, with the exception of my Edison Phonograph and records, which I give to Lavis Combs.''

Then follows this provision:

''Lastly I make constitute and *apoint* A. E. *Keney* to be executor of this my last will and testament hereby revoking all former wills by me made.''

Upon a bill of review filed in July 1921 by plaintiffs

93 W. Va.

against the defendants to review the decree pronounced in the prior suit of defendant Shella Von Cain against the said A. E. Kenney, executor etc., the questions certified upon demurrer of the said executor, overruled, are:

1.   What interest in the estate of W. H. Giles, do John R. Giles and Helen Giles take under the will of the said W. H. Giles, deceased?

2.   Should the demurrer of Amos E. Kenney, executor of the last will of W. H. Giles, deceased, be sustained or overruled?

The bill shows that the testator W. H. Giles had three sons, named in the said second clause, all of whom had died prior to his death and prior to the making and probate of his will; that the said John R. Giles is the son and sole heir of William P. Giles; that the defendant Helen Giles is the sole heir of the said B. H. Giles; and that the defendants Shella Von Cain, nec Giles, Raymond Giles and Lauren Giles are the children and only heirs at law of O. B. Giles, the third son named in the will of said testator.

The bill further shows that the defendant A. E. Kenney, executor named in the will, qualified as such and took charge of all the real and personal estate of the said decedent; that the personal estate which went into his hands was appraised at $1669.93, consisting of notes, United States bonds, cash in bank, and accounts receivable; that the real estate consisted of a house and lot in the town of Spencer and of some other property not described, but which it is alleged the said executor had sold, but just what amount was realized therefrom was unknown to plaintiffs, and for which they pray a discovery and accounting by the said executor.

The plaintiff John R. Giles, still an infant, suing by his next friend and guardian, alleges that by proper construction of said will he is the owner of and entitled to a one-third portion of the said estate, except said phonograph and records; that the defendants Shella Von Cain, Raymond Giles and Lauren Giles are jointly entitled to another one-third thereof; and that said Helen Giles is entitled to the remaining one-third thereof.

It will be observed that the testator, by the clause of his

will in question, directed that his estate "be divided *equly* between the *air*" of his three sons, naming them, "O. B. Giles, B. H. Giles and W. P. Giles." As observed, these sons were at the time of the making of the will all dead. The testator must be said to have made use of the word "heirs" ("air") in its technical sense. This use of the word, say our own decisions, is a most important one and can not be safely overlooked in the construction of wills. *Collins* v. *Feather,* 52 W. Va. 107, 111; Ross' *Ex'or* v. *Kiger,* 42 W. Va. 402, 412. 2 Minor's Institutes, (2nd ed.) page 951, says: "If the testator uses legal or technical phrases *only,* his intention should be construed by legal rules; and if he uses common words, his intention shall be regulated according to the common understanding thereof." In the case here the beneficiaries under the will, namely the heirs of the deceased sons named, all stood in the same degree of relationship to the testator. It can not be assumed that he preferred any one of them above another. If he had left no will, his estate, by the very terms of our statute, section 3, chapter 78 of the Code, would have gone to these three sets of grandchildren per capita and not per stirpes. The last clause of that section says: "Whenever those entitled to partition are all in the same degree of kindred to the intestate, they shall take per capita or by persons."

All of the authorities hold that the rule of the statute of descents and distribution is to be followed unless a different intention is made to appear, but the same authorities hold that this rule will readily yield to the force of extrinsic circumstances casting light upon the testator's intent and expressed in the context tending to show an intention inconsistent with it. *Collins* v. *Feather, supra.*

There is nothing in the context of the will, nor is there anything alleged in the bill, except as to the phonograph and records disposed of to Lavis Combs, to evince that the testator intended to discriminate between his grand children; quite the contrary, for his direction was that his estate, except the phonograph, was to be divided equally between them. His will, which is the law of the case, is in consonance with the statute, which is founded on justice and equity.

Our answer to the first question certified is that said John R. Giles and Helen Giles are entitled each to a one-fifth interest in the estate of the testator, and that the defendants Shella Von Cain, Raymond Giles and Lauren Giles are each also entitled to take a one-fifth interest therein; in other words, that these heirs of the deceased sons of the testator are entitled to take per capita and not per stirpes under the will.

In answer to the second question we hold that the demurrer of the defendant Amos E. Kenney, executor, should be sustained. The bill shows that in the former suit, the final decree in which it is sought to have reviewed and vacated in this suit, the said executor sold the real estate and reduced the assets to money, and no doubt, as the bill in this case indicates he is required to account therefor, he has such interest personally and as executor as entitles him to defend this suit. While the papers and proceedings in that case purport to be exhibited with the bill in this case, they are not here; and all we know concerning them is what is only generally alleged in the bill.

Our conclusion, therefore, is to reverse the ruling of the circuit court, to sustain the demurrer to the bill, and to remand the cause.

*Reversed and remanded.*